**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darlene E. Thompson,<br><br>    Plaintiff,<br><br>vs.<br><br>Financial Registers, Inc.; Rob Mulholland; and Mike Swebee,<br><br>    Defendants. | No. CV-11-382-PHX-GMS<br><br>**ORDER** |

Pending before the Court is a Motion to Dismiss and Strike under Rule 12(b) and 12(f) of the Federal Rules of Civil Procedure filed by Defendants Financial Registers, Inc., Rob Mulholland, and Mike Swebee (Doc. 8).[1] For the reasons stated below, the motion is granted in part and denied in part.[2]

---

[1] Defendants filed an earlier Motion to Dismiss and Strike, which was followed by Plaintiff's Second Amended Complaint. (Docs. 5, 7). Defendants incorporate the arguments from their earlier motion into their current one. The earlier motion, addressed to a previous version of the complaint, is dismissed as moot.

[2] Defendants' request for oral argument is denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

**BACKGROUND**

On November 30, 2010, pro se Plaintiff Darlene E. Thompson received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission ("EEOC") informing her that the EEOC was closing an investigation based on a complaint she had filed, and that she had ninety days in which to file a lawsuit under the Age Discrimination in Employment Act ("ADEA"). (Doc.1, Ex. 1). Plaintiff filed a Complaint on February 28, 2011, alleging retaliatory discharge, breach of contract, age discrimination, race discrimination, and defamation. (Doc. 1). The complaint included an 87-page attachment. (Doc. 1, Ex. 1). On March 4, she filed an Amended Complaint. (Doc. 3). She was granted permission to file a Second Amended Complaint, and filed one on May 11, 2011. (Doc. 7). The Second Amended Complaint contains six claims, including (1) Retaliatory Discharge, (2) Breach of Contract, (3) Age Discrimination, (4) Race Discrimination, (5) Defamation of Character, and (6) Employment Discrimination. (*Id.*).

According to Defendants, Plaintiff never served them with a copy of the Complaint or the Amended Complaint, but did send them a copy of her Motion to Amend, the Second Amended Complaint, and the attachment to her initial complaint by certified mail. (Doc. 8). Plaintiff has not filed a certificate of service as required by Rule 4(d)(1). Possibly as a result of not having ever been served with the original complaint, Defendants allege that Plaintiff's initial filing consisted solely of the 87-page attachment, and that she did not file a complaint of any sort until filing the Amended Complaint, which was filed more than 90 days after she received the notice from the ADEA. (Doc. 8). They move that the first filing be struck for not complying with Rule 3 or Rule 7 of the Federal Rules of Civil Procedure, and contend that Plaintiff's entire case must therefore be dismissed as untimely. (*Id.*).

Defendants allege that even if the February 28 filing is found to be valid, Plaintiff's defamation claim fails as a matter of law and her breach of contract claim was untimely under Arizona's statute of limitations. (Docs. 8, 13). Defendants Mulholland and Swebee argue that they are improper parties to the action and that claims against them must therefore be dismissed. (Doc. 8). Finally, Defendants assert that Plaintiff fails to allege the necessary

- 2 -

1  mental state to recover punitive damages on her discrimination claims. (*Id.*).

## DISCUSSION

### I. LEGAL STANDARD

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

"If the running of the statute [of limitations] is apparent on the face of the complaint, the defense may be raised by a motion to dismiss." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). However, "[d]ismissal on statute of limitations grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (quoting *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991)).

Federal Rule of Civil Procedure 12(f) provides: "... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court may strike such matter on its own, or upon a timely motion made by a party to the action. *Id.*

### II. ANALYSIS

#### A. Timeliness

Suits filed under Title VII or ADEA are subject to a ninety-day limitations period. 42 U.S.C. § 2000e-5(f)(1) ("If a charge filed with the [EEOC] . . . is dismissed by the [EEOC],

1  . . . the [EEOC or otherwise appropriate entity] shall so notify the person aggrieved and
2  within ninety days after the giving of such notice a civil action may be brought."). The Ninth
3  Circuit has adopted a rule allowing for a rebuttable presumption that a plaintiff received her
4  letter from the EEOC within three days of its being mailed, and thereby allows that suits
5  commenced within 93 days of when the letter was mailed are timely. *Payan v. Aramark*
6  *Mgmt. Servs. Ltd.*, 495 F.3d 1119, 1126 (2007).

7  Plaintiff's notice from the EEOC is dated November 30, 2010, giving her until March
8  3, 2011 to file her complaint. (Doc. 1, Ex. 1). She filed a complaint, along with an 87-page
9  attachment, on February 28, 2011. (Doc. 1). Defendants mistakenly claim that this initial
10 filing consisted of "87 pages of documents, none of which contained a form of Complaint."
11 (Doc. 8). To the contrary, Plaintiff's complaint is titled "Complaint," and enumerates five
12 causes of action, including Retaliatory Discharge, Breach of Contract, Age Discrimination,
13 Race Discrimination, and Defamation of Character. (Doc. 1). Although the complaint is
14 inartful, as may be expected given the fact that Plaintiff is proceeding pro se, it contains more
15 than one "short and plain statement." FED. R. CIV. P. 8(a)(2). For example, in regards to her
16 claim of Age Discrimination, Plaintiff states that the General Manager "[t]old me that I was
17 'getting too old for the job,'" and then terminated her because of her age. (*Id.*). The initial
18 complaint was filed on February 28, 2011, and is therefore timely.

19 The material that Defendants move to strike is in fact an attachment to that complaint,
20 and as such is not "redundant, immaterial, impertinent, or scandalous." FED. R. CIV. P. 12(f).
21 Since the initial filing was timely and consisted of a proper complaint, Defendants'
22 arguments that later filings cannot relate back to the initial filing also fail.

23     **B.     Service of Process**

24 Plaintiff writes that "[i]t should be noted that Defendants have never been served with
25 Plaintiff's filings of February 28, 2011 or the filing of March 4, 2011." (Doc. 8). "A federal
26 court does not have jurisdiction over a defendant unless the defendant has been served
27 properly under FED. R. CIV. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs.,*
28 *Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347

- 4 -

1  (9th Cir. 1982)). Defendants state that Plaintiff has sent them a copy of the Second Amended
2  Complaint by certified mail, but that they have never properly been served with any process
3  in this suit. (Doc. 8). Plaintiff has yet to file a certificate of service as required by Rule
4  4(d)(1).

5  Service of process is required in order that a party have "actual notice of the
6  proceedings against him, and that he is answerable to the claim of the plaintiff." *Scott v.*
7  *G.A.C. Fin. Corp.*, 107 Ariz. 304, 305, 486 P.2d 786, 787 (Ariz. 1971). It appears possible
8  that Defendants' claim that Plaintiff's initial filing did not contain a complaint stems from
9  the fact that they did not have actual notice of the original complaint. Defendants do not,
10 however, move to dismiss the complaint under Rule 12(b)(5) for insufficient service of
11 process or Rule 12(b)(2) for lack of personal jurisdiction. It is therefore not necessary to
12 make any determination regarding these issues. Moreover, by not challenging the complaint
13 under these provisions in its current motions, Defendants have waived the right to do so in
14 subsequent filings. *See* FED. R. CIV. P. 12(h)(1).

15 **C.  Breach of Contract**

16 Plaintiff alleges that by terminating her on February 5, 2010, Defendants breached a
17 Mediation Agreement that she and her employer had signed in May of 2004. (Doc. 7). She
18 states that the Mediation Agreement, a result of a previous EEO claim, prohibited Defendants
19 from retaliating against Plaintiff based upon the fact that she had filed the previous
20 complaint. (*Id*.). To the extent that her breach of contract claim is in fact a claim of
21 retaliatory discharge, it is dismissed as duplicative of Claim One in her Second Amended
22 complaint. To the extent that she alleges a state claim for breach of an employment contract,
23 it must have been filed "within one year after the cause of action accrues" in order to be
24 timely under Arizona state law. A.R.S. § 12-541 (2003). Plaintiff alleges that she was
25 terminated on February 5, 2010, and she filed her initial complaint on February 28, 2011. She
26 therefore did not file the complaint within the one-year statute of limitations required for
27 Arizona state breach of employment contract claims. It does not appear, even reading the
28 face of the complaint liberally, that Plaintiff can make any argument that this deadline ought

- 5 -

1 to be equitably tolled. *TwoRivers*, 174 F.3d at 991. Her breach of contract claim is therefore
2 dismissed.

### D. Defamation

4 Plaintiff alleges that Defendants defamed her to the Arizona Department of Economic
5 Security ("DES"). (Doc. 7). As evidence, she provides a letter from DES informing her that
6 she is eligible for unemployment insurance because she was "discharged because your
7 employer was dissatisfied with your manner of performing the work." (Doc. 1, Ex. 1 at 86).
8 She claims that the statements her employer made to DES constitute defamation and an
9 unlawful employment practice under 42 U.S.C. § 1981a, or 42 U.S.C. § 2000e-2(a). These
10 federal civil rights laws do not provide a cause of action for defamation, but instead authorize
11 suits based on "unlawful intentional discrimination" or discrimination on the basis of "race,
12 color, religion, sex, or national origin." 42 U.S.C. § 1981a(a); 42 U.S.C. § 2000e-2(a)(2).
13 Plaintiff does not allege race or age discrimination in her defamation claim. (Doc. 7). Any
14 defamation claim based on these federal laws therefore fails, and is dismissed. To the extent
15 that Plaintiff alleges that information her employers provided to DES in conjunction with her
16 unemployment claim constituted defamation under state law, Defendants are protected by
17 "a qualified privilege . . . where the motivation for the statements was professional rather
18 than personal animosity." *Petroni v. Board of Regents*, 115 Ariz. 562, 566, 566 P.2d 1038,
19 1042 (App. 1977). The Restatement on Torts recognizes a conditional privilege when "(a)
20 there is information that affects a sufficiently important interest of the recipient or a third
21 person, and (b) the recipient is one to whom the publisher is under a legal duty to publish the
22 defamatory matter or is a person to whom its publication is otherwise within the generally
23 accepted standards of decent conduct." Restatement (Second) of Torts § 595 (1977). Arizona
24 state law generally adopts the principles of the Restatement in defamation cases. *Sanchez v.
25 Coxon*, 175 Ariz. 93, 95, 854 P.2d 126, 128 (1993). A performance evaluation is sufficiently
26 important to a state agency making a determination regarding unemployment benefits to
27 qualify for the privilege, and providing such an evaluation to DES is within the generally
28 accepted standards of decent conduct. Plaintiff does not allege that Defendants abused the

1   privilege, only that, according to the letter she received informing her that she was eligible
2   for unemployment, she had been terminated because her employers had been "[d]issatisfied
3   with my manner of performing the work." (Doc. 7). Defendants' statements were therefore
4   protected by the qualified privilege and the defamation claim is dismissed.

5   **E.   Parties**

6   Plaintiff names her supervisors, Rob Mulholland and Mike Swebee, as Defendants in
7   her Second Amended Complaint. (Doc. 7). The Ninth Circuit has held that "individual
8   defendants cannot be held liable for damages under Title VII . . . [or] under the ADEA."
9   *Miller v. Maxwell's Intern., Inc.*, 991 F.2d 583, 587–88 (1993). To the extent that Mulholland
10  and Swebee are named in the federal claims, they are dismissed as parties. Mulholland is
11  further named as a defendant in Plaintiff's state defamation claim, but since the claim is itself
12  dismissed, he is dismissed from this suit in its entirety. All claims against Swebee and
13  Mulholland are therefore dismissed.

14  **F.   Punitive Damages**

15  Plaintiff requests punitive damage for all of her claims. (Doc. 7). In a Title VII action,
16  punitive damages are available when an employer has acted with "malice or with reckless
17  indifference." 42 U.S.C. § 1981a(b)(1). The Supreme Court has held that these terms "pertain
18  not to the employer's awareness that it is engaging in discrimination, but to its knowledge
19  that it may be acting in violation of federal law." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526,
20  527 (1999). Plaintiff's federal allegations include a claim that one supervisor told her that she
21  was "getting too old for the job" not long before she was fired, and that employees of another
22  race were given overtime although they were less senior. (Doc. 7). She does not claim that
23  her supervisors acted with recklessness or knowledge that their actions were in violation of
24  federal law. Since she does not allege that her employer acted with the requisite mental state
25  defined in *Kolstad*, punitive damages are not available to her. Her claim for punitive damages
26  are dismissed without prejudice, and she has thirty days to amend that claim in her complaint.

27  **CONCLUSION**

28  Plaintiff filed a complaint on February 28, 2011, within 90 days after receiving her

right-to-sue letter from the EEOC. Her complaint was therefore timely. Her breach of contract claim, however, is not timely under state law and is dismissed. Her defamation claim fails because Defendants are protected by a qualified privilege, which she does not allege that they abused. Since Title VII and the ADEA are not applicable against individual supervisors, her claims against Defendants Mulholland and Swebee are dismissed. Finally, Plaintiff has not stated a claim upon which punitive damages can be granted under Title VII and the ADEA. Her remaining federal claims of retaliatory discharge, age discrimination, race discrimination, and employment discrimination survive.

**IT IS THEREFORE ORDERED:**

1. Defendants' first Motion to Dismiss (Doc. 5) is **DISMISSED AS MOOT**.

2. Defendants' second Motion to Dismiss (Doc. 8) is **GRANTED** in part and **DENIED** in part.

3. Defendants Rob Mulholland and Mike Swebee are dismissed from this lawsuit. Defendant Financial Registers, Inc. remains a party.

4. Count Two (Breach of Contract) and Count Five (Defamation of Character) are dismissed.

5. Count One (Retaliatory Discharge), Count Three (Age Discrimination), Count Four (Race Discrimination) and Count Six (Employment Discrimination) remain.

6. Plaintiff's claims for punitive damages are dismissed without prejudice, and Plaintiff has (30) thirty days from the date of this Order to amend those claims.

DATED this 24th day of October, 2011.

G. Murray Snow
United States District Judge