**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darlene E. Thompson, | No. CV-11-382-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Financial Registers, Inc. et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Darlene Thompson's Motion to Reinstate Mulholland and Swebe as Defendants and to Reinstate Count Two ("Breach of Contract"). (Doc. 20). The Court will construe the motion as a motion for reconsideration of its previous order granting in part Defendants' motion to dismiss. (Doc. 17). For the reasons stated below, the motion is denied.

## BACKGROUND

The facts in this case and the reasons for the Court's previous decision are laid out in the order granting in part and denying in part Defendants' Motion to Dismiss. (Doc. 17). Plaintiff now claims that Defendants Mulholland and Swebe were improperly dismissed. Plaintiff also alleges that her breach of contract claim should not have been dismissed under the statute of limitations, because Defendants breached a "mediation agreement" not an "employment contract."

**DISCUSSION**

**1. Legal Standard**

Under Rule 59(e), a motion for reconsideration may be granted only on one of four grounds, "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted). Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs and arguments. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). Nor should such motions ask the Court to "rethink what the court has already thought through—rightly or wrongly." *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

**2. Analysis**

Plaintiff contends that it was improper for the Court to dismiss Defendants Rob Mulholland and Mike Swebe from this suit. (Doc. 20). Plaintiff acknowledges that the Ninth Circuit has held "that individual defendants cannot be held liable for damages under Title VII . . . and . . . [the principle is also] applicable to suits under the ADEA." *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 588 (9th Cir. 1993). She nevertheless cites decisions that either pre-date *Miller* or come from other circuits which hold that supervisory employees may be sued in their official capacity under Title VII and the ADEA. Whether or not decisions from other circuits are persuasive, when the Ninth Circuit has ruled decisively on an issue, its ruling is binding on this Court. The individual employees were properly dismissed.

Plaintiff next contends that the "Mediation Agreement" which she alleges that Defendants violated is not an "employment contract" and therefore not subject to the one-year statute of limitations under A.R.S. § 12-541(3) (2004). The Arizona Court of Appeals has stated that "employment contract," as used in A.R.S. § 12-541(3), should be interpreted

broadly, nothing that its scope extends beyond "circumstances under which discharging an employee may be legally actionable." *Redhair v. Kinerk, Beal, Schmidt, Dyer & Sethi*, 218 Ariz. 293, 297, 183 P.3d 544, 548 (App. 2008). Plaintiff alleges that her termination was wrongful and in retaliation for her previous EEO activity. (Doc. 7 at 2–3). The only portion of the Mediation Agreement that she alleges Defendants breached is the provision stating that they would not discriminate or retaliate against her for her EEO activity. (*Id.* at 4–6). As such, even if her claim were not barred by the statute of limitations, recovery would be complete based on her retaliation claim, as noted in the original order. (Doc. 17).

## CONCLUSION

The individual employee defendants and Plaintiff's breach of contract claim were properly dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reinstate Mulholland and Swebee as Defendants and to Reinstate Count Two (Doc. 20) is **denied**.

DATED this 5th day of December, 2011.

_____
G. Murray Snow
United States District Judge